# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ZOMBIE, INC., a Washington corporation, | No. 2:10-cv-01964 |
| Plaintiff, | |
| v. | COMPLAINT FOR BREACH OF CONTRACT, DECLARATORY RELIEF, QUANTUM MERUIT, UNJUST ENRICHMENT, ESTOPPEL AND MISAPPROPRIATION OF TRADE SECRETS |
| IGNITION ENTERTAINMENT LTD., a California corporation, | |
| Defendant. | **JURY DEMAND** |

## I. PARTIES

1. Plaintiff Zombie, Inc. ("Zombie"), is a Washington corporation in good standing with its principal place of business in Seattle, Washington.

2. Ignition Entertainment Ltd. ("IGN") is a California corporation with its principal place of business in Glendale, California.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 USC § 1332(a) in that Zombie and IGN are citizens of different states and the amount in controversy exceeds the value of $75,000, exclusive of interest and costs.

4. Venue is proper in this district pursuant to 28 USC § 1391(b) because IGN does business in this district and has engaged and is engaging in activities that are causing substantial

COMPLAINT FOR BREACH OF CONTRACT - 1

1  injury to Zombie in this district, and a substantial part of the events or omissions giving rise to these claims occurred in this district.

### III. FACTS

5. In January 2010, Zombie and IGN entered into an agreement ("Agreement") in which Zombie agreed to sell to IGN an exclusive license to publish and sell a videogame entitled "Blacklight Tango Down" ("Tango Down").  In return, IGN represented that it would, and agreed to, pay Zombie a confidential amount, in installments based upon achieving various milestones in the development of Tango Down.  IGN further represented that it would, and agreed to, manufacture, release, market, promote, sell and otherwise vend Tango Down on all game platforms and on a worldwide basis.  IGN further represented that it would, and agreed to, pay Zombie royalties in the amount of a confidential percentage of net sales.  Key elements of the Agreement were memorialized in a Binding Deal Memo signed by Zombie and IGN.

6. In reliance on the Agreement and IGN's representations, Zombie invested approximately $3 million in the development of the Tango Down game, in accordance with the Agreement.

7. Zombie timely delivered all of the Tango Down software in compliance with the standards and schedule required under the Agreement or changes thereto directed by IGN.

8. IGN accepted the software delivered by Zombie, released Tango Down for sale and distribution in certain geographic markets, and has received revenues and other benefits as a result of that release.

9. Notwithstanding its acceptance and commercial exploitation of Tango Down, however, IGN failed to pay Zombie the last $300,000 in milestone payments required by the Agreement.  IGN further has paid Zombie no royalties.  IGN further failed to release Tango Down in a number of lucrative markets, and failed to market and promote Tango Down in the fashion it had represented, and agreed, that it would in inducing Zombie to enter into the Agreement.

COMPLAINT FOR BREACH OF CONTRACT - 2

### IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT/ DECLARATORY RELIEF

10. Zombie incorporates the foregoing paragraphs as if set forth fully herein.

11. By virtue of the foregoing conduct, IGN materially breached the Agreement. Zombie has suffered damages as a result of IGN's breach, in an amount to be proven at trial, but which exceeds $1 million.

12. By virtue of IGN's material breaches of the Agreement, then to the extent IGN acquired any license or other rights to sell or distribute Tango Down, said rights should be declared to be terminated.

### V. SECOND CAUSE OF ACTION: QUANTUM MERUIT/UNJUST ENRICHMENT

13. Zombie incorporates the foregoing paragraphs as if set forth fully herein.

14. By virtue of the foregoing conduct, Zombie conferred a benefit upon IGN which it would be unjust for IGN to retain without compensating Zombie for the reasonable value for the benefit conferred. IGN has further been unjustly enriched. The value of the benefit conferred, and the amount of unjust enrichment, will be proven at trial, but exceeds $1 million.

### VI. THIRD CAUSE OF ACTION: ESTOPPEL

15. Zombie incorporates the foregoing paragraphs as if set forth fully herein.

16. Zombie relied, to its detriment, by investing $3 million in developing the Tango Down game, in the reasonable reliance on the representations and promises made by IGN regarding milestone payments, royalties, and worldwide marketing and distribution. IGN should be estopped from denying its obligation or otherwise failing to comply with those representations and promises. Zombie has been damaged by virtue of IGN's failure to comply with those representations and promises, in an amount to be proven at trial but which exceeds $1 million.

### VII. FOURTH CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS

17. Zombie incorporates the foregoing paragraphs as if set forth fully herein.

COMPLAINT FOR BREACH OF CONTRACT - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

18. By virtue of the foregoing conduct, IGN misappropriated Zombie's trade secrets. Zombie has suffered damages as a result of IGN's misappropriation, in an amount to be proven at trial, but which exceeds $1 million.

## VIII. FIFTH CAUSE OF ACTION: CONSUMER PROTECTION ACT VIOLATION

19. Zombie incorporates the foregoing paragraphs as if set forth fully herein.

20. By virtue of the foregoing conduct, IGN has engaged in unfair and deceptive practices in its trade or business, which impacts the public interest. Zombie has suffered damages as a result of IGN's CPA violations, in an amount to be proven at trial, but which exceeds $1 million.

## IX. PRAYER FOR RELIEF

21. WHEREFORE based on the foregoing allegations and claims, Zombie prays for relief as follows:

   a. For judgment to be entered against IGN, and in favor of Zombie, for all damages proximately caused by IGN's breaches of contract and other actionable conduct;

   b. For a declaration that any license or other rights acquired by IGN under the Agreement are terminated;

   c. For an award of exemplary damages and prevailing party attorneys' fees and costs as permitted by applicable law; and

   d. For such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues.

COMPLAINT FOR BREACH OF CONTRACT - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1   DATED this 6th day of December, 2010.

BYRNES KELLER CROMWELL LLP


By /s/ Keith D. Petrak
   Keith D. Petrak, WSBA #19159
   1000 Second Avenue, 38th Floor
   Seattle, WA  98104-4082
   Telephone: (206) 622-2000
   Facsimile: (206) 622-2522
   kpetrak@byrneskeller.com

COMPLAINT FOR BREACH OF CONTRACT - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON  98104
(206) 622-2000